CHAMPOMIER<br>v.<br>WASHINGTON.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Benjamin*, for the plaintiff. *Peyton* and *I. W. Smith*, for the appellant. The judgment of the court was pronounced by

KING, J. The order of appeal in this case made the appeal returnable on the first monday of May, 1845. The transcript was not filed until November 30, 1846. On the 22d May, 1846, the plaintiff obtained a certificate that the record had not been filed, which he filed in the court below, and obtained execution. The appellant has endeavored to relieve himself from the consequences of the omission to file the record, by the testimony of his counsel as to what occurred between himself and the clerk of the Supreme Court, now deceased. It appears by this testimony that the counsel was under the impression that the transcript had been filed; but, on the other hand, the conduct of the clerk is a tacit proof of his unwillingness to file it. The whole difficulty is solved by supposing that the clerk waited until security for costs should be furnished in writing, as provided by the rule of the court, which was not done. It does not appear that the clerk expressly waived a written bond for costs, though satisfied with the name proposed. See rule 13th April, 1814. A very strong and clear case should be made out to authorise us to relieve an appellant from the consequences of his omission to file the record in time. The records of the court must speak for themselves; and, if we are permitted to look behind them, and to correct them, the mistake of the officer must be established beyond all possibility of doubt. The clerk in question is dead, and we cannot say, upon the evidence adduced, that he violated his oath of office in omitting to file this transcript. By reason of the omission to file the record in time, and the taking out of a certificate to that effect by the appellee, the appeal is in law abandoned. C. P. 594.

Besides these considerations we must add, that our power to correct the records of the former Supreme Court, is, to say the least, very questionable.

The case is not before us; and the application made on the 1st May, 1847, for an order directing the clerk to make an endorsement of filing *nunc pro tunc*, and for other relief as set forth in said application, is dismissed.

---

## JACKSON et al. *v.* FERGUSON.

One who has paid for services rendered at a higher rate than that stipulated in the contract between the parties, cannot recover the amount so overpaid, where the original contract was a hard one, and the amount paid not more than a fair compensation for the services, and cannot be considered as having been paid in error. C. C. 2280, 2281.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *G. B. Duncan*, for the plaintiffs. *Elwyn*, for the defendants.

The judgment of the court was pronounced by

SLIDELL, J.* The judge of the Commercial Court, in our opinion, took a

---

* EUSTIS, C. J., absent.

JACKSON
v.
FERGUSON.

practical and just view of the rights of these parties. The contract as origin-ally made, was a hard one. The plaintiffs paid for the services rendered by the defendant not according to the contract, but at a higher rate, which was not an unfair one. The judge below was of opinion that, under the testimony in the cause, these payments could not be considered as having been made in error; and in this view we concur. Civil Code, arts. 2280, 2281.

It is said that, even if the payments are to be considered as not made in error, and must stand as payments not made under the original contract, but according to the fair and reasonable value of the services, yet that the defendant has been overpaid according to his own bills as rendered. The testimony is somewhat loose; but so far as we have been able to make the calculations, we find an excess of *twenty* dollars of payments over bills rendered—a very trifling discrepancy, which has perhaps arisen from a charge for costs being embodied, without discriminating, in the amount of what was paid to defendant upon a judgment in the city court.

We are unable to say that there is any error in the judgment of the court below.                                        *Judgment affirmed.*