THE UNION PACIFIC RAILWAY COMPANY, APPELLANT, v. HEPNER, APPELLEE.

1. PRINCIPAL AND AGENT.

The statements and representations of an agent made in reference to an act which he is authorized to perform, and while engaged in its performance, are binding upon the principal. They are part of the *res gestœ.*

2. PRESUMPTIONS.

The statements contained in letters written or indorsements and memoranda made upon freight or expense bill, by agents of railroad company, in the course of search for goods lost in transit, and having reference to the search, are the statements of the company, and it is bound by all the inferences which legitimately result therefrom.

3. EVIDENCE—PRESUMPTION.

It being in the power of a railroad company to ascertain whether or not it had received goods for shipment, it is presumed to have as-

certained that fact, and its failure to deny—except by way of answer to the complaint—that the goods were so delivered, is evidence of some weight that it had received them.

4. PRESUMPTION.

A lot of goods shipped together and embraced in the same way-bill, part of which were delivered to consignee, and part not, raises the presumption that the entire lot was received by the company.

*Appeal from the District Court of Arapahoe County.*

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. ROGERS, SHAFROTH & WALLING, for appellee.

THOMSON, J., delivered the opinion of the court.

On the 24th day of August, 1889, R. Hepner, the plaintiff below, delivered to the Montana Central Railway Company at Helena Station, Montana, four boxes of dry-goods, one roll of bedding and one bundle of clothing, consigned to A. Bohmer, at Denver, Colorado. The goods were the property of the plaintiff, and Bohmer was her agent at Denver to receive them. It is averred that these goods were delivered by the Montana Company at Butte, Montana, to the defendant, The Union Pacific Railway Company, to be by it transported to Denver, and there delivered to the consignee. On September 13, 1889, plaintiff received from defendant at its freight depot in Denver, the four boxes of dry-goods, but the roll of bedding and the bundle of clothing do not seem to have reached their destination. The freight on the shipment was prepaid at Helena, and a bill of lading given by the Montana Central Railway Company, which acknowledged the receipt of the goods.

About the 13th day of September, 1889, plaintiff presented this bill of lading at the defendant's office in Denver, and received from the clerk in charge a paper which witness terms "an expense bill," and of which the following, with the exception of some memoranda subsequently made, and which will be noticed hereafter, is a copy.

"Denver Station, 9, 11,—1889.
"A. Bohmer, to The Union Pacific Railway Company, Dr.

"For Freight from Butte, via........

All claims for overcharge and loss or damage must be sent to A. S. Van Kuran, Freight Auditor, Omaha, Neb., with this expense bill and original bill of lading.

| | ARTICLES. | WEIGHT. | RATE. | FREIGHT. |
|---|---|---|---|---|
| Pro. No. 5631...... | | | | |
| W. B. No. 201..... | 4 Bx. D. Goods | | | |
| Date W. B. 8–27... | X | | | |
| Car No. 553....... | 1 Roll Bedding | 600 | 200 | Paid. |
| Whose car........ | X | | | |
| Consignor........ | 1 Bdl. Clothing | | | |
| M. C. Ry. Helena.. | | | | |
| W. B. 662.–8–27... | X Short. | | | |

This expense bill was immediately taken to the delivery department and presented to the delivery clerk, who delivered the four boxes of dry-goods, and reported the other packages "short." He took the expense bill, marked "X" above "Roll Bedding," and also above "Bdl. Clothing," and below made the memorandum "X Short." On the face of the bill he wrote in pencil "Del'd, 9—13, '89. Glanding P. Paid 1248." These goods could not be found. Plaintiff made several ineffectual efforts to get the missing goods, by inquiring at the freight office and at the general office, and was finally informed that the defendant was trying to find them.

About November 16, 1889, Bohmer, the consignee and agent of plaintiff, received the following letter:

"Union Pacific Railway, Traffic Department. D. B. Keeler, Assistant General Freight Agent.

                    "DENVER, Colo., Nov. 16, 1889.
"Mr. A. BOHMER, No. 913 Larimer Street, Denver.

"Dear Sir: I have just received word from our freight claim office in Omaha that they have been unable to locate the roll of bedding and bundle of clothing shipped by you from Butte, August 27th. Such being the case, you had better make

claim for loss, attaching paid freight bill and original bill of lading to your itemized bill.

·"Yours truly,

"D. B. KEELER,

"C—Claim 33.                              "per S. G."

In accordance with its suggestions, plaintiff made claim of loss, and after the claim was made, the freight bill, or "expense bill" as witness called it, was returned to her with the following memoranda stamped on the face of the bill with rubber stamp :

"Correct, A. S. Van Kuran, Freight Auditor, per. . . . "

"Union Pacific Railway, 112002, Omaha, Neb."

"Union Pacific Railway, Freight Auditing Dept., K. 14716."

"Asst. Claim Agent, Denver Colo."

"Union Pacific Railway,—                Paid."

"Sep. 13, 1889, Geo. E. Smith, Agt. Denver, Colo."

Afterwards, about December 31, 1889, Messrs. Rogers, Shafroth & Whitford, attorneys for plaintiff, received the following letter :

"Union Pacific Railway, Traffic Department.  D. B. Keeler, Assistant General Freight Agent.

DENVER, Colo., Dec. 31, 1889.

"Messrs. ROGERS, SHAFROTH & WITFORD, Attorneys, City.

"Dear Sir : Referring to your esteemed favor of the 26th inst., relative to the matter of the claim of R. Hepner against this company for bale of goods shipped from Butte, Mont., beg to advise you that we are investigating and endeavoring to locate the missing freight, and will advise you the result as soon as we can get our papers back, which are now out on the road.

"Trusting this will be satisfactory, I remain,

"Yours truly,

"H. A. JOHNSON,

"M-S-Claim.                              M."

Both of the letters were objected to for immateriality and

irrelevancy.   The missing goods were never received by the plaintiff.

The defendant introduced no evidence except on the question of the value of the property.

It is urged that there was no evidence that the goods in controversy ever came into the possession of the defendant. The Montana terminus of the Union Pacific Company is at Silver Bow.   The distance between Butte and Silver Bow is seven miles, spanned by a railroad called the Montana Union Railway.   Whether this seven mile railroad is operated by the defendant or not, does not appear; but we find that the expense bill furnished by the defendant, is headed with the words " For freight from Butte," and embraces not only the four boxes of dry-goods, which were delivered to the plaintiff, but the roll of bedding and bundle of clothing which were not delivered.   It refers to way bill No. 201, dated August 27.   What this way bill was is not disclosed, but it was probably the defendant's own way bill, made on receipt of the goods from the Montana Central Railway Company. It certainly was not the way bill given by the latter company when the goods were originally shipped at Helena, for that bill bears date August 24.   On the face of the expense bill is stamped " Correct, A. S. Van Kuran, Freight Auditor."

This memorandum was made while the expense bill was in possession of the company, for the purpose of aiding it in tracing the property.   The fair inference from the words at the head of the bill of expense, and the memorandum " Correct," would be that the goods had been in fact received by the defendant, at Butte, Montana ; and that inference is strengthened by the declarations of the defendant's agents and officers while engaged in a search for the property.   The two letters read in evidence are objected to as immaterial and irrelevant, but we are unable to agree with the learned counsel in that objection.   The statements and representations of an agent made in reference to an act which he is authorized to perform, and while engaged in its performance, are binding upon his principal.   They are part of the *res gestæ*.   These letters

were written and the memoranda on the expense bill were made by the company's agents, while they were endeavoring to find this property, and they have reference exclusively to the act in which they were then engaged. The statements which they contain are, therefore, the statements of the defendant itself, and the defendant is bound by all the inferences which legitimately result from the statements. The stamp on the face of the bill is that it is " correct " and if it is correct then the defendants received the goods.

The first letter contains the following words, " That they have been unable to locate the roll of bedding and bundle of clothing shipped by you from Butte, August 27th." Here is at least an implied admission that the defendant received the goods at Butte. But even if nothing affirmative upon the subject could be found in either letter, yet both are apparently written upon the hypothesis that the defendant had received the goods and lost them ; and it is certainly a matter of some significance, that until the filing of the answer, there is not either in the letters or elsewhere a denial that the goods had been delivered to the company. As to whether or not they had been so delivered, the defendant possessed the means of ascertainment. It would have been a matter of no difficulty for it to discover whether the goods came into its possession ; and when it was notified of their loss, it is presumable that the very first step it took was to see whether it ever had them. If it had found that it had never received the goods, that would have ended the investigation. It is fair to assume that the company pursued this course, and the very fact that none of its agents or officers, engaged in the pursuit of the property, ever claimed that the company had not received it, is evidence of greater or less weight that it actually had received it. There are circumstances under which a failure to deny is equivalent to a positive admission.

Again : A portion of the shipment was received by the plaintiff. It had been received by the defendant from the Montana Central Railway Company, and was brought over its line to Denver. All of the goods had been shipped to-

gether and embraced in the same way bill. Part came through and part did not. In such case the presumption is that the entire property received by the first line was delivered by it to its connecting line, and that the loss occurred while the property was in the custody of the last line. The difficulty, if not impossibility of the ascertainment by the plaintiff of the actual facts, and the ease with which by means of the knowledge in its possession the defendant could ascertain them, renders this presumption necessary to avoid a denial of justice. Hutchinson on Carriers, § 761; *Laughlin v. C. & N. Ry. Co.,* 28 Wis. 204.

In view of the foregoing we cannot say that there was no evidence of the delivery of the goods to the defendant, especially when we consider that all the means of knowledge upon the subject were within the defendant's possession, and were inaccessible to the plaintiff.

The first instruction asked by the defendant is fully covered by the instructions given. The second, inasmuch as it informs the jury that the plaintiff failed in her proof, was properly refused.

The record discloses no error. The judgment of the court below must therefore be affirmed.

*Affirmed.*