[No. 5998.  Decided March 10, 1906.]

LOLA M. HILL, *Respondent,* v. W. J. HILL, *Appellant.*[1]

CONTINUANCE—TO SECURE DEPOSITIONS—DIVORCE.  In an action for a divorce, brought by a wife against her husband while in the Philipines, it is error, where the defendant appears to have a defense, to refuse him a continuance for a sufficient length of time to enable him to obtain a deposition and have it returned here in time for the trial.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered August 18, 1905, upon findings in favor of the plaintiff, granting a divorce, after a trial before the court without a jury.  Reversed.

*W. W. Sparks* and *E. M. Green,* for appellant.

ROOT, J.—Respondent began this action in Clarke county while her husband was in the service of the government at Manila, where he had gone about a year theretofore. Copies of the complaint and summons were mailed to appellant on the 11th day of January, 1905, the complaint having been filed the day before. These copies were received by appellant at Manila on the 22d day of February. On the 23d day of February he wrote to his father at Vancouver to procure an attorney and defend the case. This letter was received at Vancouver March 31. The court set the case for hearing on the 11th day of May. This hearing was subsequently continued until the 17th of May. On the 15th of May appellant's attorney filed a motion and affidavit for a continuance, alleging the absence of material witnesses, and that he had not time to prepare for the trial. The case was heard on the 17th day of May, but was subsequently reopened on the 3d day of July to permit appellant to take the deposition of certain witnesses in the United States; but the court refused to hold the case open for the deposition of the defendant and one Mobley, who were in Manila, "owing to their distance

1Reported in 84 Pac. 829.

from Vancouver, and the time it would take to get a return of such deposition."

It appears that it required from eighty to ninety days for a letter to go from Vancouver to Manila, and for an answer to return. The evidence of respondent showed that, when her husband went to Manila, it was with the understanding that she and their child were to come to him a few months later. A large number of her letters to him were introduced in evidence. They are couched in the most affectionate language, containing many recitals of preparation which she was making to join him in the Philippines. These letters extend over a period of nearly a year. Respondent testified that they were written merely to deceive him, as she had no intention of ever going to or living again with him. We think that, under the peculiar circumstances existing in this case, the trial court should have afforded plenty of time for securing the evidence of appellant and such of his witnesses as could have furnished material evidence. The long distance to Manila rendered it exceedingly inconvenient for the appellant to confer with his counsel, and made the progress of preparing the case necessarily slow. When the court made the order on July 3d permitting appellant to take further depositions of witnesses in the United States, we think it should also, in the light of the facts revealed by the evidence already taken, have permitted a continuance for a sufficient length of time to have obtained appellant's deposition and that of his witness in Manila.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to afford the appellant ample time to come to Vancouver for trial or to have his deposition taken and returned to be used on the trial, and to procure the deposition of any witness or witnesses living in Manila or elsewhere; and each party shall have the privilege of introducing further evidence at the time of the hearing.

MOUNT, C. J., DUNBAR, CROW, HADLEY, and FULLERTON, JJ., concur.