[No. 6319. Decided December 5, 1906.]

HARRY T. TRAYNOR, *Respondent*, v. WILLIS N. WHITE *et al.,*
*Appellants.*[1]

CONTINUANCE—ABSENCE OF PARTY—DISCRETION OF COURT. It cannot be said that the trial court abused its discretion in refusing a continuance on the ground of the absence of one of the defendants, who for some time had been ill in another state, where the action had been pending a long time, the trial had been continued two or three times, and the plaintiff admitted that the absent defendant would testify as claimed in the affidavit for a continuance.

APPEAL—REVIEW—INCOMPETENT EVIDENCE—HARMLESS ERROR. The admission of incompetent evidence is not ground for reversal in an action tried without a jury where there is a trial *de novo* on appeal.

APPEAL—RIGHT TO APPEAL—CESSATION OF CONTROVERSY. Where a tender was made by defendants and paid into court, the receipt of the same by plaintiff to be applied on the judgment after appeal and supersedeas is not a waiver of the judgment determining the action.

Appeal from a judgment of the superior court for King county, Griffin, J., entered February 14, 1906, upon findings in favor of the plaintiff, after a trial on the merits before

[1]Reported in 87 Pac. 823.

the court without a jury, in an action for an accounting. Affirmed.

*Blaine, Tucker & Hyland* (*F. R. Conway*, of counsel), for appellants.

*J. E. McGrew*, for respondent.

Root, J.—This was an action for an accounting. From a judgment in favor of respondent this appeal is prosecuted.

Respondent and appellants entered into an oral agreement to engage in the business of general contracting and building. White was to furnish the money, McCleary solicit business and make estimates on prospective contracts, and respondent was to have charge of the construction work. Respondent alleges that the net profits were to be equally divided among the three after he had been paid at the rate of $5 per day for each day employed on contract work. When the case came on for trial, it appears that the only question involved was as to the allowance of the $5 per day to respondent, he maintaining that he was entitled to that upon all work, while appellants claimed that he was entitled to this allowance upon one certain contract only. The case was tried before the court without a jury. Findings and conclusions were made, and exceptions to material portions thereof properly taken by appellants.

One of the principal errors assigned is upon the action of the trial court in not granting appellants a continuance on account of the absence of appellant White. It appears that when the case was first called for "setting," in October, 1905, it was continued at appellants' request, and was afterwards set for December 26. When this day arrived, the court, being otherwise occupied, continued the case until after the holidays, at which time appellant White filed a motion for a further continuance, setting up as a cause his sickness and absence from the state. The case was then reset for January

30, 1906. On the 29th of January, appellants' attorneys again asked for a continuance, and filed in support thereof an affidavit of one of their attorneys, which referred to and made a part thereof a telegram and letter from one A. J. Bennett, claiming to be White's physician, and residing at Jamestown, New York, where White was at that time visiting. This telegram and letter were dated respectively the 11th and 12th of December, 1905. A second telegram from Bennett was also filed in the case. The letter and telegram were to the effect that White had been, and was, ill and unable to make the trip from New York to Seattle at that time. The affidavit of the attorney set up at much length the evidence which it was claimed that appellant White would give if present. The respondent admitted in open court that said White, if present, would testify to all the matters set forth in said affidavit. The trial court thereupon denied the motion for a further continuance, and caused the parties to go to trial. Appellants urge that the admission by respondent that appellant White would testify as set forth in the affidavit was not sufficient to justify the court in going ahead with the trial; that as White was a party to the action, the case stood upon a different basis from what it would if he were merely a witness, and urged that his personal presence was essential to the proper management of his case upon the trial.

There is some force in this contention. Ordinarily the court will not go into a trial when one of the parties, on account of sickness or other unavoidable cause, is unable to be present. But there are, and must of necessity be, some exceptions to the rule. The rights of the other party in the premises and all of the matters and circumstances connected with the case should be taken into consideration by the trial court, and in the light of all of these matters said court should grant or deny the application for a continuance according as he believes the interests of substantial justice demand. In this case the transactions sued upon had oc-

curred a long time prior to the trial. Respondent had been kept waiting for his money if, as a matter of right, he was entitled to such. The hearing of the cause had already been continued two or three times. There were two defendants, one of whom was personally present and testified at the trial. The granting or denial of a motion for a continuance is addressed to the sound discretion of the trial court, and its decision upon such a motion will not be disturbed unless it appears that there has been an abuse of discretion. In the light of all of the circumstances of this case, we cannot say that such abuse appears. *Puget Sound Machinery Depot v. Brown Alaska Co.*, 42 Wash. 681, 85 Pac. 671.

Upon the question as to whether respondent was entitled to $5 a day upon one or all of the contracts, there was a conflict in the evidence, and we are unable to arrive at a different conclusion from that reached by the superior court.

It is suggested that some of the evidence introduced was incompetent. This court has frequently announced that, where a case is heard by the trial court without a jury and tried here *de novo*, incompetent evidence will not be considered, and its introduction in the trial court will ordinarily not be deemed cause for a reversal.

Appellants admitted an indebtedness to respondent of $166.43 and $9 costs, and tendered and paid that amount into court. After the decision was rendered, the respondent received said money from the clerk and receipted therefor. The judgment has the following recitation:

"It is further ordered that the money paid into the registry of the court, to wit, $175.45, by defendants, be paid to plaintiff Traynor, and applied on account of the judgment hereby granted him against said defendant White."

Appellants claim that they had given notice of appeal and filed a supersedeas bond before the order of the court was made allowing respondent to withdraw the $175.45, and urge that this action of respondent was an acceptance of the tender

and sufficient to defeat and determine his cause of action; that when the supersedeas bond was filed, the respondent was restricted solely to relief thereupon, and had no right to receive the tender deposited. We cannot sustain this contention. There is some conflict as to what took place and as to the relative dates upon which different things were done touching the taking of the appeal, filing of the supersedeas bond, and withdrawal of the deposit. But even if it be conceded that these matters are as maintained by appellants, we are not convinced that the taking of the deposit would have any effect other than to constitute a payment *pro tanto* upon respondent's judgment.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

CROW, FULLERTON, HADLEY, and DUNBAR, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.