[No. 11377.   Department One.   February 20, 1914.]

RICHARD E. STROM, *Respondent*, v. NATHAN TOKLAS *et al.*, *Appellants.*[1]

CONTINUANCE—ABSENCE OF PARTY—ABUSE OF DISCRETION. It is an abuse of discretion to refuse to grant a continuance until depositions could be taken, asked on account of the absence of a party who was a material witness upon an issue as to alleged false representations made by her, where it appears that she was too ill to attend court, if present, and was out of the state on the advice of her family physician, and that the only other witness was residing out of the state, and that the testimony of one or both of them was necessary.

[1]Reported in 138 Pac. 880.

HUSBAND AND WIFE—TORTS OF WIFE—LIABILITY OF HUSBAND. The husband is not liable for fraudulent representations of the wife, in the absence of evidence of her authority to manage community affairs.

SAME—FAMILY EXPENSES—JOINT AND SEVERAL LIABILITY. Under Rem. & Bal. Code, § 5931, making the expenses of the family a charge upon the property of both husband and wife, either by a joint or several action, a joint judgment may be entered against husband and wife for the reasonable value of the rent of a dwelling occupied by them.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 18, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Wakefield & Witherspoon* (*A. C. Shaw*, of counsel), for appellants.

*Severin Iverson*, for respondent.

Gose, J.—This is an action to recover unpaid rent. There was a verdict and judgment in favor of the plaintiff against the defendants Toklas and wife. They have appealed.

The record discloses the following facts: On the 4th day of January, 1912, the respondent commenced an action against Harry Broh and Vera T. Broh, his wife, to recover unpaid rent upon a dwelling house, under the terms of a written lease executed by the respondent to the Brohs. The lease provides that the respondent shall have "a valid and first lien upon any and all goods, chattels or other property belonging" to the Brohs as security for the payment of the rent, and that the Brohs waive their rights to any exemptions they may have under the laws of the state. The prayer was for a money judgment for the unpaid rent, costs, and attorney's fees, and that the judgment be decreed to be a prior lien "in and upon the furniture and household goods of the defendants" in accordance with the stipulations in the lease. On March 16 following, an amended complaint was filed adding the appellants Toklas as parties defendant. In this com-

plaint, it is alleged, that the respondent rented the premises
to the four named defendants at an agreed monthly rental;
that they used and occupied the premises for a stated period,
and that they defaulted in the payment of the rent, and a
money judgment was prayed against all the defendants.   On
December 11, 1912, the respondent filed a second amended
complaint against the four defendants.   In this complaint,
it is alleged, that the defendants Mrs. Nathan Toklas and
Vera T. Broh represented to the respondent that they de-
sired the dwelling house; that the defendants Broh and wife
had all the necessary furniture to furnish the dwelling; that
all the furniture and fixtures to be moved into the dwelling
belonged to the Brohs, and that they desired a lease in the
name of the Brohs for the purpose of giving the respondent
security for the payment of the rent upon the furniture and
fixtures to be moved into the house; that such representa-
tions as to the ownership of the furniture and fixtures were
false, and made for the purpose of deceiving the respondent
out of his rent and to induce him to execute a lease to de-
fendants Broh "when Nathan Toklas and Mrs. Nathan Toklas
were the real renters of said dwelling, and for the purpose of
giving the defendants Nathan Toklas and Mrs. Nathan
Toklas an opportunity to take possession of said dwelling and
occupy the same   .   .   .   without paying any rent for the
said premises, and that the said Mrs. Nathan Toklas and
Vera T. Broh then and there   .   .   .   knew that all of said
representations   .   .   .   were false and fraudulent and made
for the purpose of deceiving this plaintiff;" that all the fur-
niture and fixtures represented by them to belong to the
Brohs were the property of the appellants Toklas; that the
respondent, relying upon these representations, signed a pur-
ported lease of the premises with the Brohs.   It is further al-
leged that, on the 3d of May, 1910, the appellants Toklas
got the keys to the dwelling, took possession thereof, "moved
all their furniture and fixtures into said dwelling," and that

they, the appellants Toklas, continued to occupy and remain in possession of the dwelling from that date to about the 19th day of January, 1912; that the Brohs did not take possession of the premises under the lease or move any furniture or fixtures into it; that the appellants Toklas, on the 19th day of January, 1912, surrendered the possession of the premises to the respondent, and that the reasonable rental value of the premises was $55 per month. The prayer is for a money judgment against the four defendants.

The appellants Toklas answered separately and put in issue all the material allegations of the second amended complaint in so far as it sought to charge them with fraud or liability for rent. They allege affirmatively, that the lease between the respondent and the Brohs was entered into with full knowledge on the part of the respondent that he was leasing the property to the Brohs; that the appellants boarded with the Brohs and moved their furniture into the house; that the respondent, at the time of executing the lease, knew that the appellants were to board with the Brohs and that they would use and occupy a portion of the leased premises; and that the appellants were not under any circumstances to become liable for the rent. The reply traversed the new matter in the answer.

On January 10, 1913, the cause was set for trial on February 10, following. On February 7, the appellants gave notice that they would move for a continuance on February 10. This motion was supported by the affidavits of Dr. Witter, the family physician of the appellants, and of Mr. Witherspoon, one of counsel for the appellants. The substance of the former affidavit is, that the appellant Mrs. Toklas was in delicate health; that it would be impossible for her to attend court if she were in Spokane; that he advised her to go to California for the benefit of her health; that a change to a warmer climate was indispensable to the restoration of her health to its normal condition; that, on the first day of February, 1913, upon his advice, she left Spokane and went to

California; that her condition required that she have an attendant upon her journey, and that there was no other person or member of her family excepting her husband to accompany her. The affidavit of Mr. Witherspoon is to the same effect. He adds that, "Were she in the city of Spokane at present or on the 10th day of February, 1913, it would be absolutely impossible for Mrs. Toklas to appear in court in her own behalf, or submit to any questioning or ordeal which might excite her or have any effect upon her nervous condition." There were no counter affidavits; and upon this showing, the application for the continuance was denied.

Thereupon counsel for the appellants served notice upon the respondent and his counsel that they would renew their application for a continuance "for a time sufficient to enable them to take the deposition of Mrs. Nathan Toklas," who was then in the city of San Francisco, upon the affidavits to which we have referred and upon the affidavit of Mr. Shaw. The latter affidavit alleges, that Vera T. Broh and Mrs. Toklas were material witnesses for the appellants; that, at the time of making the contract or lease, no one was present except Mrs. Toklas and Mrs. Broh; that it was absolutely necessary that the cause be continued to enable counsel to take their depositions in the city of San Francisco; that, without their presence or depositions, they could not proceed to trial; that there were no other persons who had any knowledge of the facts or circumstances attending the making of the lease; that, at the time of the execution of the lease, it was agreed between the respondent and Mrs. Broh that the property was being leased to the Brohs, and that a part of the furniture to be moved into the house belonged to the appellants; that Mrs. Broh stated to the respondent that she and her husband were renting the property, and that the appellants were to live and board with them. The Brohs remained in the dwelling until January 1, 1912, when they went to, and have since remained in, the state of California. The appellant, Mrs. Toklas, on the advice of her physician,

left the city of Spokane for San Francisco on the first day of February, 1913. The second application was heard and denied on the 13th day of February, and the cause proceeded to trial to a jury, with the result first stated.

We think upon the second showing the continuance should have been granted. *Hill v. Hill,* 42 Wash. 250, 84 Pac. 829; *Traynor v. White,* 44 Wash. 560, 87 Pac. 823; *Jaffe v. Lilienthal,* 101 Cal. 175, 35 Pac. 636; *McMahan v. Norick,* 12 Okl. 125, 69 Pac. 1047; *Scott v. Whipple,* 116 Ga. 211, 42 S. E. 519. It is true, as argued by the respondent, that the granting or denying of an application for a continuance rests in the sound discretion of the trial court. It is not to be overlooked, however, that, where an application is made for a continuance on the ground of the absence of a party to an action who is also a material witness in the trial of the cause, the application stands upon a different footing from an application based upon the absence of witnesses who are not parties. The cases cited support this view. As the court remarked in *Jaffe v. Lilienthal,* it seldom happens that a trial can be properly had in the absence of the parties to the action, where the case is to be tried upon oral testimony. It cannot be doubted that it is the right of the parties to the action to be present at the trial of their case. As the California court observed, this right may of course be waived, and should be held to be waived where the absence of the party is voluntary and under circumstances "which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public . . . to absent himself." The object of all litigation is to do justice between the parties. This could not be done in the case at bar. The record itself, aside from the affidavits supporting the application for a continuance, shows that Mrs. Broh and Mrs. Toklas were the parties charged with making the contract and charged with making the false representations. It is obvious, therefore, that the presence of one or both of these witnesses or their depositions was essential to the trial

of the case.  Without their presence and without the deposi-
tions of one or both of them, the trial amounted to little more
than a judgment by default.

The only case cited by the respondent which is at all in
point is *Puget Sound Mach. Depot v. Brown Alaska Co.*, 42
Wash. 681, 85 Pac. 671.  In that case, a continuance was
sought upon the ground that the president and principal
stockholder in the appellant companies was then confined to
his home in the city of New York by illness, and was unable
to come to Seattle to attend the trial.  The order denying the
continuance was affirmed, the court saying:

"In view of the fact that this action had been pending for
many months, that two or more continuances had been
granted on the request of the appellants, and that they had
been notified by the trial court that the hearing would cer-
tainly be proceeded with at the date to which it was last con-
tinued, and in the light of all the facts shown by the record
before us we are unable to say that the trial court abused its
discretion."

It is argued that the appellants might have taken the dep-
osition of Mrs. Toklas before she left the state.  This may be
true.  It is apparent, however, that at that time her counsel
believed that his application for a continuance for a reason-
able time for her to return and be present at the trial would
be granted.  In view of the frequent changes in the com-
plaints, and upon the whole record, it cannot be said that
counsel for the appellants failed to exercise reasonable dili-
gence.  We think the learned trial court abused its discretion
in denying the second application.

A joint judgment was entered against the appellants.  It
is argued that it should have been a judgment against the
community only.  Our statute, Rem. & Bal. Code, § 5931
(P. C. 95 § 23), provides that the expenses of the family are
chargeable upon the property of both husband and wife, or
either of them, and that in relation thereto they may be sued
jointly or separately.

Although not suggested in the briefs, it seems proper to observe that we know of no law which would authorize a judgment against a husband for the fraudulent representations of the wife, in the absence of some evidence tending to show her authority to manage the community affairs. If, however, the wife should rent a dwelling house and the husband and wife should take possession and occupy it, they would be chargeable for the reasonable rental value of the property. This would follow because the law would raise a promise upon the part of both of them to pay the reasonable rental value. The record is so confused when checked with the certificate of the court that we do not feel disposed to finally pass upon these questions.

The judgment is reversed because of the denial of the second application for a continuance.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.