[No. 16442. Department Two. December 30, 1921.]

## J. B. LINCOLN et al., Respondents, v. KUSKOKWIM FISHING & TRANSPORTATION COMPANY, Appellant.[1]

CONTINUANCE (13)—GROUNDS—ABSENCE OF WITNESS. A motion for a continuance on the ground of an absent witness is insufficient under Rem. Code, § 322, unless presented by affidavit.

CORPORATIONS (172)—REPRESENTATION BY OFFICERS—DISPOSAL OF ASSETS. The fact that a corporation has ceased to operate its business would not, in the event there had been no dissolution, deprive it of the right to make an assignment of accounts due it.

EVIDENCE (105)—HEARSAY. In an action to recover for an overpayment of freight charges, testimony by plaintiff of statements made to him by his bookkeeper is inadmissible as hearsay.

EVIDENCE (128)—DOCUMENTARY EVIDENCE—MEMORANDA. Ledger entries are not admissible to prove an account stated, such book not being one of original entry, where there was no evidence showing the method of keeping the ledger when the entries were made nor by whom made.

PAYMENT—MISTAKE—RECOVERY OF PAYMENT—CONSIDERATION. Where a carrier by water collected freight on a shipment of furniture on the customary basis of space rates, instead of at the rate for general merchandise which the shipper claims he contracted for, the alleged overcharge cannot be recovered on the theory of money paid by mistake, since the money was paid upon a consideration and the charge was reasonable for the service rendered; and if it be considered a mistake in the terms of the contract, it was a mistake of law for which there could be no recovery.

[1]Reported in 203 Pac. 62.

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 15, 1920, in favor of the plaintiffs, in an action on assigned accounts, tried to the court. Affirmed in part and reversed in part.

*Trefethen & Findley,* for appellant.
*Edward H. Chavelle,* for respondents.

HOVEY, J.—This is an action by J. B. Lincoln and the Standard Oil Company, claiming under assignment from Karl Theile & Company, against the appellant and one of its stockholders upon four causes of action. The Standard Oil Company has an interest in the assignment to the extent of a claim of $1,500 owned by it, and the respondent hereinafter referred to is the plaintiff J. B. Lincoln.

Karl Theile & Company was a trading corporation operating in Alaska and shipping goods from Seattle, and the appellant is the owner of several steamers engaged in transporting freight to the ports in which Theile & Company operated. Louis Knaflich was the president and manager and also a stockholder in the appellant and was in actual charge of one of its vessels, and was the person who conducted practically all of the business on behalf of the appellant out of which this controversy arises. The case was commenced in March, 1920, and was called for trial in July of the same year.

At the time the case was called for trial, the attorney for the appellant asked for a continuance, stating that the presence of Louis Knaflich was absolutely necessary to present the case of the appellant, and that he was in Alaska at the time the case was commenced, and had been ever since. Respondent objected to the showing made and the court proceeded with the trial.

Under § 322, Rem. Code (P. C. § 8485), the showing made was not sufficient, as it was not presented by affidavit.

Appellant contends that the case of the respondent should fail because there is testimony to the effect that Karl Theile & Company, a corporation, was disbanded at the time the assignment was made and that there was no authority in any one to assign these claims. The testimony shows that J. B. Lincoln owned all the shares in this company but one and was the proper officer to execute the assignments, and in fact did make them as an officer to himself individually. We think the testimony only went to the effect that the corporation had ceased to operate its business, but that would not deprive it of its right to handle such property as it still retained. There is no evidence of any formal dissolution, nor that its corporate activities had been dormant a sufficient length of time to establish a dissolution.

The first cause of action is based upon what is claimed to be an overcharge or balance due for sums overpaid for freight charges. Respondent attempted to establish this item by statements made by his bookkeeper to him, which statements were clearly hearsay. He also produced a memorandum which he claimed to be an account stated, purporting to be signed by the appellant per Lochow, dated May 29, 1919, and showing a balance of $1,325.19. This cause of action was for $1,000 only, but it was contended that this memorandum covered both the first and second causes of action, the latter being for $325. The evidence showed that Lochow has been for many years an employee of Schwabacher Hardware Company, which company for some three months before the trial had possession of the books of the appellant on an assignment of the

same to Sol Friedenthal, another one of its employees. At the time of this assignment, the Schwabacher Company was a large creditor of the appellant, and the assignment had been made to enable the trustee to protect the interests of the creditors of the appellant. It so happened that Lochow had been in the employ of the appellant for three months in the year 1917, but he never had anything to do with the books of the appellant and had no personal knowledge of any of the entries, nor any authority to bind the appellant. There was also introduced a page from the ledger of appellant showing a credit balance of some $1,300 in the year 1918. The entries started out with a forwarding charge of $5,382, and some other items of charge which do not show what they are for, and some credit items aggregating over $6,000, with no explanation of their subject-matter. The balance there shown is some $960, and the space above this item is ruled off. Following this are the figures $353, under date of December 31, 1918, with a penciled total of $1,321. There was no testimony whatever to explain these items, nor in support of the contention that any credit balance still existed, except the hearsay evidence before referred to. This was evidently not a book of original entry. No testimony was introduced showing the method of keeping the ledger when the entries were made, or by whom made.

On the second cause of action, no evidence whatever was offered except the entry of the figures at the foot of the preceding entry, and the plaintiff testified he did not know of his own knowledge what it was for. We believe there was not competent evidence to sustain either the first or second cause of action.

For his third cause of action the respondent claimed a balance due in favor of one Clement Sara, and intro-

duced a receipt signed by Knaflich for a draft for $1,000, account Clement Sara, and an entry from the books of the appellant showing credit for this $1,000, with charges aggregating $418.46. Hearsay evidence was tendered on behalf of this item. Excluding this hearsay evidence, we consider there was sufficient evidence to sustain this cause of action.

For his fourth cause of action respondent claims an overcharge for freight on a shipment of furniture. The freight was shipped under a written contract which provided a charge of $22.50 per ton weight on general merchandise, and a different charge for certain other items which are not material here. Appellant contended that furniture was not to be included within the term general merchandise; that, owing to its bulky nature, it was customarily charged for at space rates wherein forty cubic feet of space are charged for as a ton, and it clearly appears that the charge was made on this basis and collected for at the point of delivery. This freight was delivered for shipment at the dock in May, 1917, and was carried by steamer during the fall of 1917 and delivered and paid for. Respondent does not make clear upon what he predicates his right of recovery upon this cause of action, but we assume that it is upon the theory of money paid under mistake, but we believe that this case does not come within the rules of law applicable to this form of recovery. One essential for the recovery of money paid under mistake is that the payment is made without consideration. It is not disputed that the sum collected was reasonable for the service rendered, and it cannot be said that the money was paid without consideration. 30 Cyc. 1316. If it be considered as a mistake in the terms of the contract, this is one of law and not of fact, for which there is no recovery. 30 Cyc. 1319. *Jackson v. Ferguson*, 2 La.

Ann. 723. Recovery should not have been allowed upon this cause of action.

The judgment will be modified by eliminating the items of the first, second and fourth causes of action, and will be affirmed for the sum of $581.14, the amount of the third cause of action.

Appellant will recover costs.

PARKER, C. J., HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.