555 P.2d 990 (1976)
WESTLAND DISTRIBUTING, INC., Plaintiff-Appellant,
v.
RIO GRANDE MOTORWAY, INC., Defendant-Appellee.
No. 76-017.
Colorado Court of Appeals, Div. III.
October 14, 1976.
*991 Montgomery, Little, Young, Campbell & McGrew, P. C., Donald G. Musselman, Denver, for plaintiff-appellant.
John S. Walker, Jr., Denver, for defendant-appellee.
Selected for Official Publication.
STERNBERG, Judge.
Plaintiff, Westland Distributing, Inc., shipped freight to a customer by defendant, Rio Grande Motorway, Inc. The next day Westland learned that the customer's business had been sold and therefore notified Rio Grande not to deliver the goods until further notice. Rio Grande, however, did deliver the goods to the customer's successor in interest. Westland, not having been fully paid for the goods, sued Rio Grande, alleging breach of its bailment contract. In a trial to the court, Rio Grande's motion to dismiss at the close of Westland's case was granted. On appeal, Westland contends that it was unable to prove its case because of certain erroneous rulings on points of evidence made by the trial court. We agree and reverse.
Westland first contends that the trial court erroneously ruled inadmissible as hearsay the testimony of plaintiff's witness concerning his conversation with an agent of Rio Grande. We agree that the testimony was admissible.
*992 It is well established that admissions made by an agent or employee, within the scope of his employment, are admissible against the principal. General Foods Sales Co. v. Smith, 105 Colo. 305, 97 P.2d 429 (1939). Here, plaintiff's witness was prevented from relating the substance of a telephone conversation he had had with defendant's agent. This conversation, if admitted, would have indicated that defendant had erroneously delivered the goods in question. This acknowledgment of mistaken delivery was an admission by an agent of the defendant, and the testimony was therefore squarely within the hearsay exception.
Westland next alleges that the court erroneously refused, on hearsay and authenticity grounds, to receive in evidence a letter from an agent of defendant which conceded the mistaken delivery. Again, we agree. Written admissions are also within the exception noted above. Union Pacific Railway Co. v. Hepner, 3 Colo.App. 313, 33 P. 72 (1893).
As to the authenticity of the letter, the general rule applicable is stated in McCormick on Evidence § 225 (E. Cleary 2d ed.):
"When a letter, signed with the purported signature of X, is received `out of the blue,' with no previous correspondence, the traditional `show me' skepticism of the common law trial practice prevails, and the purported signature is not accepted as authentication, unless authenticity is confirmed by additional facts." (emphasis supplied)
Here, there are sufficient additional facts to confirm the authenticity of the letter in question. First, the letter disclosed knowledge that only the purported signer would be likely to have. See McCormick, supra, § 225. Secondly, the letter, according to the testimony of plaintiff's witness, came in response to a prior telephone conversation with the alleged writer. Thus, it was sufficiently authenticated to be admitted into evidence. See Atlantic Insurance Co. v. Manning, 3 Colo. 224 (1877); Conner v. Zanuzoski, 36 Wash.2d 458, 218 P.2d 879 (1950); McCormick, supra, § 225.
Westland also asserts that the court erred in refusing to receive in evidence the handwritten portion of a freight bill concerning the goods in question. The signed notation contained instructions by an agent of the defendant to hold up plaintiff's delivery until further notice was received. The witness through whom this evidence was sought to be admitted testified that he was familiar with the purported writer's handwriting and that he thought the signature and notation were that person's. The trial court did not accept the handwritten portion of the freight bill because the witness stated that he was not a handwriting expert.
The general rule stated in McCormick, supra § 221, is that:
"[A]nyone familiar with the handwriting of a given person may supply authenticating testimony in the form of his opinion that a writing or signature is in the handwriting of that person."
See also Noyes v. Noyes, 224 Mass. 125, 112 N.E. 850 (1916). We follow this general rule and hold that the court erred in not accepting into evidence the written portion of the freight bill. The witness who identified it need not have been a handwriting expert in order to have authenticated the document.[1] Furthermore, the writing satisfied the admission exception to the hearsay rule. See General Foods Sales Co. v. Smith, supra. It was therefore error to refuse admission of that portion of the freight bill.
Judgment reversed and cause remanded for a new trial.
SILVERSTEIN, C. J., and BERMAN, J., concur.
NOTES
[1] See also CBA Committee on Evidence Code Review, Proposed Colorado Rules of Evidence Compared with Federal Rules, Rule 901, Illustration 2 (April 1976).