# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIANNE ROMMEL, a single woman,

        Appellant,

        v.

JAMES TORPEY, a single man; and
TANYA HARLIN, a single woman,

        Respondents.

No. 68804-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 28, 2014

APPELWICK, J. — Rommel appeals the denial of her motion for a continuance and the subsequent dismissal of her case for failure to prosecute and failure to comply with court-ordered mediation. Rommel argues that her poor health was a valid ground for a continuance. She further argues that the trial court abused its discretion in dismissing her case, because a refiling of her claims would be barred by the statute of limitations. We affirm.

## FACTS

In September 2009, Dianne Rommel sued her neighbors, James Torpey and Tanya Harlin.[1] Rommel claimed that Torpey and Harlin trespassed on her property, removed trees from her property, retained those trees for their own use, and spread vegetation-killing chemicals on her property. Since the beginning of the litigation, Rommel delayed the proceedings. Torpey and Harlin were forced to file a motion to compel to obtain discovery. When Rommel finally produced the discovery responses, she promised the defendants that she would produce an expert report. But, she never did.

---

[1] The record indicates conflicting spellings of Rommel's and Harlin's names. For consistency's sake, we follow the spelling in the caption on the complaint.

Rommel sought to extend the trial date on six separate occasions. Rommel first moved to continue the case schedule because she acquired new legal representation. In her second and third motions, Rommel cited the need to acquire experts and perform additional discovery, as well as her ill health. Rommel suffers from cancer. The cancer and Rommel's treatment are debilitating and have made it difficult for her to function in her daily life. In her fourth, fifth, and sixth motions, Rommel cited to just her ill health and claimed that she would be too weak to participate in a trial.

While the court initially granted Rommel continuances of the trial date, it also ordered mediation pursuant to King County Local Rule (KCLR) 16 on at least two occasions. At a deposition on July 27, 2011, Rommel and the other parties agreed to hold a mediation on August 23, 2011. Rommel was present at the deposition and indicated that she would be available that day. But, Rommel did not attend the mediation, because she was too sick to get out of bed. She maintained that she was too sick to participate, even via telephone. Rommel's attorney did not appear in her place.

On October 13, 2011, the trial court granted the plaintiff's fifth motion to continue. In light of the substantial delay and previous motions to continue, the court imposed a fee of $1,500 against Rommel as a condition of granting the continuance. It also mandated mediation to take place the week of February 6, 2012. Rommel failed to participate in that mediation.

After Rommel filed another motion to continue on February 16, 2012, the trial court declined to grant the extension. At this point, the trial court authorized Rommel to provide a video deposition at trial if she was not physically able to attend. The court

also imposed sanctions against Rommel in the amount of $500 for her refusal to participate in mediation, even by telephone.

On April 13, 2012, the trial court entered an order denying Rommel's motion for assignment of a trial date. The court instructed defense counsel to prepare an order of dismissal under CR 41(b) without prejudice. The trial court entered the judgment and order of dismissal on April 17, 2012.

Rommel appeals.

ANALYSIS

Rommel challenges the court's denial of her motion for a continuance, because her poor health justified her request to extend the trial date. She further asserts that dismissal of her claims was improper, because the statute of limitations would bar refiling her suit.

I.    Motion for Continuance

Rommel argues that, in light of her ill health, the trial court manifestly abused its discretion in denying her motion for a continuance. She further asserts that there was very little, if any, prejudice to the defendant in continuing the trial.

Whether a motion for continuance should be granted or denied is within the discretion of the trial court. Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974). We review the trial court's decision for manifest abuse of discretion. Id. In exercising its discretion, the court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party and conditions imposed in the continuances previously

granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court. Id.

Washington courts have specifically addressed motions for continuances due to illness. See, e.g., Chamberlin v. Chamberlin, 44 Wn.2d 689, 705-06, 270 P.2d 464 (1954); Traynor v. White, 44 Wash. 560, 562, 87 P. 823 (1906); Puget Sound Mach. Depot v. Brown Alaska Co., 42 Wash. 681, 683, 85 P. 671 (1906). Generally, trial courts may be liberal in granting continuances where a party is unable to be present at trial because of sickness. Chamberlin, 44 Wn.2d at 700. But, there must be some limitation on the extension of this courtesy and consideration. Id.

In Chamberlin, the trial court refused to continue a bitterly contested divorce trial when the wife took ill a week before the trial. Id. at 705-06. The wife had not requested any prior continuances. Id. at 702. The appellate court reasoned that it was problematic for a person's marital status to be terminated without being heard and it was unreasonable for the wife to travel 2,000 miles when she was seriously ill. Id. at 706. It thus found that the trial court abused its discretion. Id.

By contrast, the Puget Sound court found that it was not an abuse of discretion to deny a fourth continuance when the president of the appellant company could not attend trial due to illness. 42 Wash. at 682, 683. The court noted that the action had been pending for many months, three continuances had previously been granted, and the previous continuance indicated that the hearing would definitely proceed next time. Id. at 683.

Likewise, in Traynor, the court found no abuse of discretion in denying a defendant's third motion to continue in a contract dispute. 44 Wash. at 563, 561. The

defendant argued that he was too ill to travel from New York to Seattle for the trial. Id. at 562. On appeal, the court found that, because the plaintiff had been waiting a long time for the defendant to pay him and the case had been continued twice before, the trial court did not abuse its discretion in denying the continuance. Id. at 563.

In Balandzich, the trial court granted six continuances. 10 Wn. App. at 719. On the sixth occasion, one of the plaintiffs was in the hospital and the plaintiffs' attorney had withdrawn. Id. at 719-20. The court agreed to the continuance on the express condition that no more continuances would be granted for any reason. Id. at 720. After having difficulty finding another attorney, the plaintiffs again moved to continue. Id. The defendant opposed the seventh continuance, arguing that the constant shifting of trial dates caused him hardship. Id. The Court of Appeals found that, viewed against the totality of the circumstances, the trial court did not abuse its discretion in denying the continuance. Id. at 721.

Here, in denying her final motion to continue and motion for assignment of a trial date, the court acknowledged Rommel's illness and unfortunate situation. However, it also expressed concern that, by granting yet another motion, it was inviting Rommel to continue bringing motions in the future. Like in Puget Sound, Traynor, and Balandzich, Rommel had previously requested, and been granted, several continuances. The court further recognized that another continuance had prejudiced Torpey and Harlin. The court had authorized Rommel to show a video deposition at the scheduled trial if she was physically unable to attend. But, it ultimately found that Rommel's failure to attend court-ordered mediation twice, even by phone, was sufficient grounds for denial of her motion. It further noted that Rommel's illness should not have prevented her from

obtaining an expert. The trial court had imposed a $1,500 fee as terms for the previous continuance. Sanctions did not deter her.

In light of the totality of the circumstances, the trial court did not abuse its discretion in denying Rommel's motion for a continuance.

II.    Dismissal Without Prejudice

Rommel argues that trial court erred in dismissing her case, because the statute of limitations had lapsed, preventing her from refiling her claims. As a result, she argues, the dismissal without prejudice was effectively a dismissal with prejudice.

CR 41(b) governs involuntary dismissals. It states that a trial court can order involuntary dismissal for failure of the plaintiff to prosecute or comply with rules or orders of the court. CR 41(b). A trial court has the authority to dismiss an action for noncompliance with a court order or court rules. Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995). The court also has the discretionary authority to manage its own affairs to achieve the orderly and expeditious disposition of cases. Id. We review a trial court's order dismissing an action under CR 41 for abuse of discretion. Id. at 130-31. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Apostolis v. City of Seattle, 101 Wn. App. 300, 303, 3 P.3d 198 (2000).

Here, the trial court dismissed Rommel's claims without prejudice, basing its dismissal on Rommel's failure to prosecute her claim and her failure to comply with court orders to mediate. The court stated that Rommel willfully and deliberately disregarded its orders and prejudiced Torpey and Harlin in doing so.

Rommel failed to comply with the trial court's orders to mediate, even though Rommel could have participated in mediation telephonically or through counsel. KCLR 16(3)(A). The trial court found that Rommel willfully and deliberately disregarded the court's orders. A trial court's dismissal based on a party's willful and deliberate failure to comply with a court order is neither manifestly unreasonable nor an untenable ground upon which to base dismissal. See Woodhead, 78 Wn. App. at 130-31; Apostolis, 101 Wn. App. at 305.

Additionally, the large number of continuances and Rommel's lack of involvement throughout the litigation evidences Rommel's failure to prosecute her case. Even though the requests for continuances were based upon Rommel's illness, the trial court encouraged Rommel's participation in her case by offering her other methods of participating before resorting to dismissal. The trial court found that Rommel failed to prosecute her claims. Since the beginning of the litigation, Rommel had failed to participate in her case. Torpey and Harlin were forced to file a motion to compel in order to obtain discovery, even after granting Rommel an extension. Once Rommel finally responded to the motion to compel, she did not provide any expert opinions or set forth her alleged damages. Rommel stated that she would produce an expert report and send it to Torpey and Harlin later. But, she never produced such a report.

Because the statute of limitations had elapsed on Rommel's claims, the dismissal without prejudice effectively resulted in a dismissal with prejudice. This alone does not mean the dismissal was improper. Further, Rommel was not left without a remedy. Where a dismissal without prejudice has the effect of determining the action and preventing a final judgment or discontinuing the action, the dismissal is appealable.

Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985). Rommel had the ability to appeal the dismissal as a form of relief, and she has. The trial court did not abuse its discretion.

We affirm.

_Appelwick, J._

WE CONCUR:

_Leach, J._          _Lau, J._