[No. 5833. Decided June 15, 1906.]

PUGET SOUND MACHINERY DEPOT, *Respondent*, v. BROWN ALASKA COMPANY et al., *Appellants*.[1]

TRIAL—CONTINUANCE—ABSENT WITNESS. Abuse of discretion is not shown in refusing a continuance of a trial for a balance due on a sale, asked for on account of the illness and absence of the defendant, who resided in New York, where his deposition might have been taken, the action had been pending for many months and two or more continuances had been granted at defendant's request.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 11, 1905, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Brown, Leehey & Kane,* for appellants.

*Ira Bronson* and *D. B. Trefethen,* for respondent.

ROOT, J.—Respondent brought an action against appellant Brown Alaska Company and the John A. Mead Manufacturing Company, and another action against the appellant New York Alaska Development Company. By stipulation these actions were consolidated. They were brought to recover a balance due on account of machinery furnished. Subsequently the defendant John A. Mead Manufacturing Company was dismissed from the action, and is not before this court on appeal. The Brown Alaska Company denied that it had purchased any goods from respondent, but alleged that any purchases from respondent were for the New York Alaska Development Company. The latter company by answer and cross-complaint alleged that respondent had failed to furnish the character of machinery called for by the contract of purchase and had neglected to supply the same within the required time, and alleged damages in the sum of $10,-000 as an offset and counterclaim. Upon the trial it was

[1]Reported in 85 Pac. 671.

stipulated that if judgment went against either, it might go against both of said appellants. The trial resulted in a judgment in favor of respondent from which this appeal was taken.

The only error assigned is that upon the action of the trial court in refusing a further continuance to appellants as requested at the time of the trial. The action was commenced in June, 1904. On January 7, 1905, the case was set for trial for February 24, 1905. On the latter day, at the request of appellant, the cause was continued until February 28, 1905. It was again continued until April 17, 1905. At this time appellants urged a further continuance which was granted until May 1, 1905. The trial court at the time of granting this last continuance informed the appellants that the cause must certainly be tried upon the date to which it was then continued.

The ground upon which appellants were given the continuances mentioned and upon which they sought a further extension were that one Brown, who was the president and the principal stockholder in the appellant companies and who had conducted the transaction with reference to the purchase of machinery and who resided in New York city, was then confined to his home city by illness and unable to come to Seattle for the trial. Appellants urged that his advice and counsel were needed in the conduct of the trial, and that his testimony was essential although less stress seems to be laid upon the necessity for his evidence than upon the importance of his knowledge and assistance in the conduct of the trial. It does not appear that he was too ill to give a deposition. In fact, we think it was practically conceded that his condition was such that his evidence by means of a deposition could have been taken. It was urged by appellants that his deposition could not have been taken advantageously for the reason that they did not know and he did not know what the evidence of respondent would be. Under the issues as presented by

the pleadings and stipulation at the time of the trial, the sale and delivery of the goods was admitted, and the controversy was principally as to the offset and counter-claim. This would be an affirmative matter for the defense to establish, and to support this it would seem that the deposition of Brown could have been taken and used advantageously if capable of supporting the allegations of said defense.

It is always well for trial courts to be liberal in the matter of granting continuances where a party or a material witness, on account of sickness or other unavoidable reason, is unable to be present at the time set for the trial of the cause, proper terms being imposed in order to save the opposing party harmless. But there must of necessity be some limitation on the extension of this courtesy and consideration. Ordinarily the action of the trial court in passing upon a request for a continuance is a matter of discretion and will not be reviewed by an appellate court in the absence of a showing that said discretion was abused. In view of the fact that this action had been pending for many months, that two or more continuances had been granted on the request of appellants, and that they had been notified by the trial court that the hearing would certainly be proceeded with at the date to which it was last continued, and in the light of all the facts shown by the record before us we are unable to say that the trial court abused its discretion.

The judgment is therefore affirmed.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.