[No. 15560. Department Two. May 12, 1920.]

INA C. BARNES, *Respondent*, v. C. N. BICKLE *et al.,*
*Appellants.*[1]

DAMAGES (52)—LANDLORD AND TENANT (54)—MENTAL SUFFERING —PHYSICAL INVASION. There can be no recovery against a landlord for acts causing mental suffering and distress on the part of the tenant who was sick in a hospital, where there was no physical invasion of the person or acts amounting to an assault.

LANDLORD AND TENANT (54) — DISTURBANCE OF POSSESSION BY LANDLORD—DAMAGES. Where the landlord entered the apartment house, informed lodgers that they were in charge, raised the rent and caused lodgers to vacate, and the tenant was thereafter unable to rent the rooms, there was an invasion of the property for which the landlord would be liable in damages.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 28, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Modified.

*S. H. Kelleran,* for appellants.

*Meyers & Couden,* for respondent.

Reported in 189 Pac. 998.

MOUNT, J.—This appeal is from a judgment of the lower court in favor of the plaintiff for $550, upon two causes of action separately stated in the complaint. The first cause of action is for alleged damages to the person of the plaintiff; the second is for damages to her property.

The principal contention of the appellants is that the trial court erred in refusing to direct a verdict in their favor.

The facts, as alleged in the complaint and proven at the trial, may be briefly stated as follows: In July, 1918, the appellants were the owners of a lodging house, known as the "Alamo Villa," in the city of Seattle. This lodging house was leased to the respondent by a month-to-month tenancy. She had paid her rent for the month of July. On about the 20th of July, she became sick with appendicitis and was required to go to a hospital for an operation. At the time she left her rooming house, she authorized a Mr. and Mrs. Hughes to have general charge thereof; but neither Mr. nor Mrs. Hughes resided in the house. The immediate charge of the rooming house was left with a maid, who cared for the rooms and lived at the house. On about the 24th of July, the maid became ill and invited the appellant Mrs. Bickle to assume charge of the rooming house. Mrs. Bickle took charge that day, took care of the rooms and notified several of the lodgers that she intended to keep the house and that the rent of rooms was to be payable to her. This fact was reported by some person to the respondent, who was in the hospital, and, it is alleged, greatly worried her and damaged her health. Thereafter, on about the 26th day of July, the appellants prepared a notice to the effect that, beginning with the month of August, the rent of the lodging house would be increased from $150 to $300 per month. This notice was handed to a

nurse at the hospital with the request that it be deliv-
ered to Mrs. Barnes if she was able to receive it. It
was delivered to her, and it is alleged that this notice
caused her great mental anguish and retarded her re-
covery. Thereafter, on the first day of August, when
the rent for the month of August became due, Mrs.
Barnes tendered to the appellants her check for $150
rent for that month. The appellants at first refused
to receive this check, but later in the day did receive
it, and, thereafter, on the 6th day of August, after
Mrs. Barnes had returned to her lodging house from
the hospital, a notice was served upon her, terminating
her tenancy on the first day of September following.
It is alleged that, at this time, Mr. and Mrs. Bickle
created much disturbance in the halls of the lodging
house, and attempted to force their way into the room
where the respondent was, and that thereby she was
severely injured in health. These events are alleged
in detail in paragraph five of the first cause of action
of the complaint. The sixth paragraph then alleges as
follows:

"That the unlawful and malicious acts of said de-
fendants as described in paragraph five herein were
calculated to and did cause plaintiff great physical and
mental distress, pain and suffering, seriously impairing
her general health and postponing her complete recov-
ery from the effects of the operation hereinabove de-
scribed, and each of said acts contributed to such re-
sult. The plaintiff has been thereby damaged in the
sum of three thousand dollars ($3,000)."

It is apparent from the allegations of the complaint,
and from the proof in support thereof, that there was
no physical invasion of the respondent's person. The
gist of the complaint is for physical and mental dis-
tress of the respondent caused by the things which she
alleges she was informed the appellants did. We
think it is plain that the appellants were rightfully at

the lodging house upon the first occasion referred to. They were invited there by the maid, who had actual possession. They no doubt had no right to inform the lodgers that the rents should be paid to the appellants personally. They clearly had a right to serve a notice upon the respondent of their intention to increase the rent; and they had a right to terminate the tenancy by giving proper notice thereof. The notice to increase the rent was insufficient. The only complaint that could be made against the appellants on account of these acts is as to the manner in which the acts were done. And since there was no physical invasion of the respondent's person, her sole claim must necessarily be, as it no doubt is made in the complaint, for physical and mental distress where there was no act amounting to an assault. The respondent relies upon the case of *Nordgren v. Lawrence,* 74 Wash. 305, 133 Pac. 436, where we held that mental suffering, resulting from a wrongful act, may be taken into consideration in assessing damages, even though there be no physical injury. But after the decision in that case, in the case of *Corcoran v. Postal Telegraph-Cable Co.,* 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 522, we had occasion to consider this question again at length; and, after reviewing a large number of cases from other jurisdictions and distinguishing cases from this jurisdiction, especially the *Nordgren* case, we held, in substance, that there could be no recovery for mental and physical distress where there was no invasion of the person or property of the plaintiff. We there said, at page 585:

"To attempt to fix a monetary value as damages for such [mental] suffering would be to enter the realm of speculation, as much today as it would have been fifty or a hundred years ago. The only possible ground upon which such damages could be allowed would be the ground upon which punitive damages are allowed.

This thought is expressed in some degree in some of the decisions we have noticed, but it is worthy of note in this connection that punitive damages are not recoverable in this state even when the injury upon which the claim is rested flows from gross negligence or wilful wrong, except when expressly allowed by statute."

We are of the opinion, therefore, that the trial court should have directed a verdict in favor of the appellants upon the first cause of action.

The second cause of action, as alleged in the complaint and proven upon the trial, is, in substance: that, on or about the 25th day of July, 1918, the appellants wrongfully collected rentals due to the respondent from certain roomers in the lodging house and so conducted themselves that a number of roomers left the lodging house, to the damage of the respondent in the sum of $110. There was evidence to support these allegations of the complaint, and we are satisfied that this cause of action was properly alleged and, to the extent of the verdict, was proved. The jury, upon this cause of action, found in favor of the respondent for the sum of $50. There was evidence to the effect that, when the appellants were upon the premises, they stated to the lodgers that they had taken charge of the house and intended to keep charge of it; that the room rent would be increased in certain instances; and that one or two of the occupants, for that reason, vacated their rooms and the respondent was unable thereafter to rent these rooms. Here was an invasion of the property of the respondent, and by reason thereof tenants were driven from the property and actual damages resulted. We think the second cause of action was properly stated and proved.

The appellants argue one or two questions upon the instructions, but our disposition of the first cause of action avoids any necessity of reference thereto.

The judgment appealed from is modified so that the verdict and judgment upon the first cause of action will be set aside, and a judgment entered for $50 on the second cause of action. The appellants will recover their costs on this appeal.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.