[No. 17329. Department Two.  January 2, 1923.]

PEARL BOYLE *et al., Respondents,* v. WM. W. WEST, *as Sheriff of Snohomish County and Individually, et al., Appellants.*[1]

CONTINUANCE (13, 18)—DILIGENCE—DISCRETION OF COURT.  A motion for a continuance on account of the illness of a party and to secure evidence and a survey, is properly denied, where due diligence in securing the survey was not shown, there was an admission covering the testimony of witnesses sought, and the indisposed party was present and testified at the trial and presented a survey.

TRIAL (83, 93)—INSTRUCTIONS—FORM AND LANGUAGE—APPLICATION TO FACTS AND ISSUES.  Error cannot be assigned upon an instruction, in an unintentional omission of the word "not", where the true meaning of the instruction was so evident that no one could be misled, and its immateriality was eliminated by a special finding of the jury.

ASSAULT (5)—DAMAGES (52)—MENTAL ANGUISH.  In an action for forcible entry and detainer, damages may be recovered for mental suffering through a forcible ejection from the premises, where there was evidence of threats with such show of force as to amount to an assault.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 14, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action of forcible entry and detainer.  Affirmed.

*T. A. Stiger, Q. A. Kaune, W. P. Bell,* and *Carr, Gregory & Sutton,* for appellants.

*Gideon Moody Le Cocq,* for respondents.

TOLMAN, J.—This action was instituted by respondents to recover damages alleged to have been sustained by reason of the forcible and wrongful acts of appellants in ejecting them from premises occupied by them

[1]Reported in 211 Pac. 871.

as a home. A jury rendered a verdict in their favor for $12,500. A motion for a new trial was denied upon condition that the excess over $3,500 be remitted; and respondents having complied with that condition, a judgment in that amount was entered, from which this appeal is taken.

The first contention is that the trial court erred in denying a motion for a continuance. The original complaint was filed on August 2, 1921, and the second amended complaint, on which issue was joined, was filed on October 17, 1921. Answers were served on October 21, and the case was set for trial on November 30, 1921. On November 29, appellants made a motion for a continuance, supported by affidavits, based upon the ground that appellant Finch was ill and unable to attend, testify and counsel and assist in the trial of the cause, and also setting forth that there was a necessity for having a survey made and maps and blueprints prepared, showing the location and boundaries of the property described in the writ of assistance under which the sheriff seeks to justify his acts. The application was denied, and the reasons assigned therefor in the order are that due diligence has not been shown in the matter of obtaining a survey, and that the plaintiffs in open court had offered to admit that Finch would, if present, testify as set forth in the affidavit, and that such matters might be offered in evidence on the trial, subject to such objections as might be made if the witness were present and testifying in person. It further appears that appellant Finch was actually produced in court, and testified upon the trial of the case, and that evidence of a survey and blue prints were also produced. Under the showing thus made, the granting or refusal to grant a continuance was a matter within the discretion of the trial

court, and only a manifest abuse of discretion would justify our interference. No abuse of discretion is shown, but on the contrary it affirmatively appears that the ruling was right, and that appellants' defense was not seriously prejudiced thereby.

It is urged that instruction numbered one, as given, was erroneous. This contention seems to be based upon what is a manifest clerical or typographical error. The particular clause reading "unless you find by a preponderance of the evidence that the cabin in question was on Pay Streak No. 1," while it should have read: "that the cabin was not on Pay Streak No. 1." When the whole instruction is read, together with the other instructions given, the unintentional omission of the word "not" is so evident that no one could be misled thereby, and in any event, since the jury by its special verdict found that the cabin in question was not located on Pay Streak No. 1, this instruction has no application and could have been of no benefit to appellants.

The next point urged is that the court so instructed the jury as to permit of recovery for mental as well as physical pain and suffering. In support of this contention, appellants cite *Corcoran v. Postal Telegraph-Cable Co.,* 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 522; *Bennett v. Oregon-Washington R. & Nav. Co.,* 83 Wash. 64, 145 Pac. 62; *Kneass v. Cremation Society,* 103 Wash. 521, 175 Pac. 172, 10 A. L. R. 442; *Barnes v. Bickle,* 111 Wash. 133, 189 Pac. 998; *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12.

In the case first mentioned, there is quoted from the language of Mr. Justice Virgin, in *Wyman v. Leavitt,* 71 Me. 227, the following:

"In trespass for assault and battery, the jury may consider not only the mental suffering which accompanies and is a part of the bodily pain, but that other

mental condition of the injured person which arises from the insult of the defendant's blows. *Prentiss v. Shaw,* 56 Maine 427; *Wadsworth v. Treat,* 43 Maine 163. Or for an assault alone, when maliciously done, though no actual personal injury be inflicted. *Goddard v. Grand T. Ry.,* 57 Maine 202; *Beach v. Hancock,* 27 N. H. 223; 2 Greene's Cr. Rep. 269. So in various other torts to property alone when the tort-feasor is actuated by wantonness or malice, or a willful disregard of others' rights therein, injury to the feelings of the plaintiff, resulting from such conduct of the defendant, may properly be considered by the jury in fixing the amount of their verdict.''

In the *Bennett* case, it is said:

''If there be evidence of a state of facts from which a jury might find mental anguish, or an injury is disclosed that would shock the senses of fair minded men, or invite the unfeeling to ridicule, it would be proper for a court to submit, as an element of the damages sustained, the mental anguish of the injured person; . . .''

The *Kneass* case goes no further than to hold that there can be no recovery for mental anguish resulting from negligence not accompanied by physical injury. The *Barnes* case holds that there can be no recovery for mental suffering where there was no physical invasion of the person, or no act amounting to an assault; and the *Estes* case follows the *Bennett* case and no more. None of these cases govern under facts such as are here shown. There was ample evidence produced upon the trial from which the jury might find threats with such show of force as amounted to an assault, and thus the case is brought within the general rule pointed out in *Corcoran v. Postal Telegraph-Cable Co., supra,* and applied by this court in *Winston v. Terrace,* 78 Wash. 146, 138 Pac. 673.

We have carefully examined the instructions requested by appellants, upon the refusal to give which

error is assigned, in the light of the instructions given, and are satisfied that they were fairly covered in effect by the instructions given, or were not warranted by the testimony, and no error was committed in that respect.

After a careful study of the somewhat voluminous record, we are satisfied that none of the other numerous assignments of error were well taken; that the evidence was sufficient to take the case to the jury, and that the verdict, as reduced, must stand.

The judgment is affirmed.

Parker, C. J., and Main, J., concur.