[No. 26008. *En Banc.* November 30, 1936.]

PATRICK W. MCPHERSON *et al., Respondents,* v. TOYOKAICHO WAKAMATSU *et al., Appellants.*

W. R. O'BRIEN, *Respondent,* v. TOYOKAICHO WAKAMATSU *et al., Appellants.*[1]

[1]Reported in 62 P. (2d) 732.

*Shank, Belt, Rode & Cook,* for appellants.

*Will M. Derig* and *Padden & Moriarty,* for respondents.

BLAKE, J.—These cases arise from a traffic incident which occurred at and near the intersection of Eastlake avenue and Blaine street, in Seattle, in the afternoon of October 25, 1933.

The defendants' son was driving a family car, going south on Eastlake avenue. At or north of the intersection of Blaine street, the car began to skid. When it came to a stop, it was facing west on the east side of Eastlake avenue at a point (estimated by different witnesses) from fifteen to forty-five feet south of the south curb line of Blaine street. In the course of its skidding, the car either passed or struck a car in which plaintiffs were riding, going north on Eastlake. In any event, the latter car, which was driven by plaintiff O'Brien, ran into the curb on Eastlake near the southeast corner of the intersection of Eastlake and Blaine.

Mrs. McPherson suffered injuries, to recover for which she brought action against the defendants. O'Brien brought an action for damages to his automobile. The cases were consolidated for trial before a jury, which returned verdicts for defendants. On motions of plaintiffs, the trial court entered orders granting new trials on specific grounds. From these orders, defendants appeal.

In the McPherson case, the order was predicated on the ground that the court erred in "giving instruction No. 12." The motion for new trial was specifically denied "upon all other grounds mentioned in said motion."

In the O'Brien case, the order was predicated on the ground that the court erred in "giving instructions Nos. 3-½, 4-½, 8 and 12." The order in this case also specifically denied the motion "upon all other grounds mentioned in said motion."

By instructions Nos. 3-½, 4-½ and 8, the court submitted to the jury the question of O'Brien's contributory negligence. The court, in granting the motion for new trial, held that the evidence was insufficient to submit that issue to the jury. With this view we do not agree.

The theory of respondents' case, as developed by their evidence, was that the appellants' car, in the course of its skidding, sideswiped respondents' car and knocked it up against the curb. On the other hand, there was ample evidence from which the jury could (and apparently did) conclude that the cars never came in contact at all. O'Brien contends, however, that whether his car was actually struck by appellants' car or not is immaterial. We understand the argument to be that, in any event, O'Brien, without negligence on his part, was forced into the curb by the skidding of appellants' car into the east side of Eastlake avenue.

While this conclusion might be reached as a matter of fact from the evidence, we do not think it follows as a matter of law. For there was credible testimony to the effect that there was ample space between the curb and appellants' car for respondents' car to pass without colliding either with the curb or the car. Under such circumstances, we think the question of contributory negligence was one of fact. The court, therefore, did not err in submitting the issue to the jury.

Instruction No. 12, upon which the orders for new trial were predicated in both cases, reads as follows:

"The law of the road requires that automobiles be operated on the right of the center of the highway, and where an automobile skids across the center line of the road to the left side the burden is on the driver upon the wrong side of the highway to excuse his violation of the law of the road.

"The mere skidding of an automobile, however, is not an occurrence of such uncommon or unusual character that alone and unexplained it necessarily establishes negligence in the operation of an automobile. Skidding in itself is not *ordinary* evidence of negligence. The failure of the driver of an automobile to keep to the right side of the highway is excused where, without fault on his part, the machine skids across the center line of the road.

"To determine whether the driver of the defendants' car was guilty of negligence in entering on and remaining upon the wrong side of the highway, you should determine whether his car was where it was because of his negligence, or whether it was there in spite of the exercise of due care on his part. If the automobile of the defendants was where it was in spite of the exercise of reasonable care upon the part of the driver then the defendants would not be guilty of negligence." (Italics ours.)

The attack upon the instruction is two-fold: (1) In the use of the italicized word "ordinary;" and (2) that the instruction constitutes a comment on the evidence.

The first and second paragraphs of the instruction are plainly adaptations of language used by this court in the cases of *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251; *Martin v. Bear,* 167 Wash. 327, 9 P. (2d) 365; *Haines v. Pinney,* 171 Wash. 568, 18 P. (2d) 496. The sentence in which the italicized word *"ordinary"* appears was obviously taken from the opinion in *Haines v. Pinney, supra,* in which the court said: "While skidding, in itself, is not ordinarily evidence of negligence . . ." The use of

the adjective in the instruction was obviously a typographical error. True, the use of the adjective instead of the adverb does change the meaning of the sentence, but not to the prejudice of respondents. Whatever prejudice might result would be to the harm of appellants. For if skidding is "not ordinary" evidence of negligence, it must be *extraordinary* evidence of negligence. Taken alone, the sentence tells the jury that "skidding in itself" is more than ordinary evidence of negligence. Such a meaning is at complete variance with the balance of the instruction and with instruction No. 12 ½. In the light of the two instructions, the use of the word *"ordinary"* could not possibly be confusing or misleading. The rule applied in *Anderson v. Rucker Brothers,* 107 Wash. 595, 183 Pac. 70, 186 Pac. 293, 8 A. L. R. 544, and *Boyle v. West,* 122 Wash. 693, 211 Pac. 871, is applicable in this case. In the former case the court said:

"It would be absurd and against all rules of common sense for this court to reverse on all technical and minor inaccuracies found in the trial court's instructions to the jury. In the rush of trial, that court has not opportunity to mold every word of its instructions to nicety of meaning or express itself in language of exact fitness. The instruction will be sufficient if it give the law in such way as that the jury will understand and will not be misled."

The only thing about the instruction that could possibly be said to be a comment on the evidence is in the assumption that appellants' automobile skidded onto the wrong side of the street. That was the very contention of respondents, and was conceded by appellants. It does not constitute a comment on the evidence for the court, in its instructions, to assume or state an uncontroverted fact. *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140; *Thornton v. Eneroth,* 180 Wash. 250, 39 P. (2d) 379, 48 P. (2d) 1120.

We find no error in the instructions prejudicial to respondents. The orders appealed from are reversed, and the causes remanded with directions to enter judgments in accordance with the verdicts.

TOLMAN, MAIN, MITCHELL, BEALS, STEINERT, and GERAGHTY, JJ., concur.

MILLARD, C. J., and HOLCOMB, J., dissent.

