IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE RICE LIVING TRUST, a Washington Revocable Living Trust; and DUANE DUVALL, a single person, | ) ) ) ) | No. 34647-1-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| RICHARD MCCONAHY and JANE DOE MCCONAHY, husband and wife, and the marital community composed thereof, | ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| WILLIAM ONEAL and JANE DOE ONEAL, husband and wife, and the marital community composed thereof; and PHILLIP DEAN MAPLE TRUST, a Washington Revocable Living Trust, | ) ) ) ) ) ) | |
| Defendants. | ) | |

PENNELL, J. — Richard McConahy appeals the judgment against him in this

matter, arguing the trial court erroneously refused his motion to continue trial. We affirm.

FACTS

The Rice Living Trust and Duane Duvall (collectively the "Plaintiffs") filed suit

against Richard McConahy and others in November 2012. The lawsuit arose out of an

ongoing property dispute. Trial was initially scheduled for November 18, 2014. On

September 29, 2014, counsel for Mr. McConahy moved for a trial continuance to conduct

additional discovery. The motion was denied on October 13. A pretrial conference was

scheduled for October 27, but the Plaintiffs missed a deadline related to the pretrial

conference and Mr. McConahy subsequently filed a motion to dismiss the Plaintiffs'

claims with prejudice based on the missed deadline. At the same time, Mr. McConahy

produced a letter from his doctor, dated October 27, 2014, stating, "[Mr. McConahy] has

L5-S1 Disc Disease with nerve conduction abnormalities velocity at L5-S1 Nerve Root.

This has been progressive over the last 9 months. He has Left Leg Radiculopathy. He

requires surgical intervention. He is unable to travel." Clerk's Papers at 120. The trial

court denied the motion to dismiss, but continued trial to July 30, 2015.

On June 22, 2015, Mr. McConahy again sought a trial continuance. In support, he

submitted a declaration from his doctor, dated June 19, 2015, and letter from the doctor

dated June 16, 2015. The letter contained largely the same statement from the doctor's

October 2014 letter but added that Mr. McConahy would not be able to travel for the next

four months. Mr. McConahy averred that he was scheduled for surgery on July 22, 2015.

The trial court expressed its concern about the timing of the surgery being in Mr.

McConahy's control and sought assurances he would go through with the scheduled

surgery, but granted the continuance and pushed the trial date out to April 21, 2016.

On April 15, 2016 (a Friday), Mr. McConahy faxed a motion for a third continuance to Plaintiffs' counsel and the trial court. The motion contained another declaration from the doctor, dated March 17, 2016, that again largely repeated the doctor's statement from October 2014 while adding Mr. McConahy had surgery in July and September 2015, and would be unable to travel for four months. The motion was faxed to counsel and the court after 5:00 p.m. and was not received by counsel until April 18, the following Monday.

On April 19, 2016, the trial court heard argument on Mr. McConahy's request for a third trial continuance. Mr. McConahy appeared pro se telephonically. Following argument, the trial court denied Mr. McConahy's motion, finding: (1) Mr. McConahy had already been granted two previous requests for continuance of trial, (2) the motion was untimely, (3) the motion was improperly served and filed, (4) Mr. McConahy was in possession of the latest declaration from his doctor in March 2016 but waited until just before trial to provide it to the court, and (5) the declaration failed to state any progress in treatment or explain why Mr. McConahy could not travel or when he could travel. The trial court also noted in its oral ruling it was concerned over the prejudice to the Plaintiffs from another trial delay. Mr. McConahy protested and reiterated that his delay in

3

providing the doctor's declaration was because he thought this case would settle, but it did not, and he was now unprepared for trial and would be unable to attend. The trial court stood by its ruling.

The trial proceeded as scheduled on April 21, 2016. Mr. McConahy, who lived in California, did not appear. The trial court heard arguments from the Plaintiffs and entered a judgment in their favor. Mr. McConahy appeals.

## ANALYSIS

We review the denial of a motion for a continuance for abuse of discretion. *In re Custody of C.D.*, 188 Wn. App. 817, 828, 356 P.3d 211 (2015). Discretion is abused if a decision is manifestly unreasonable or based on untenable grounds. *Id.*

A continuance should generally be granted when prompted by a litigant's need for medical treatment or recuperation. *Chamberlin v. Chamberlin*, 44 Wn.2d 689, 700-01, 270 P.2d 464 (1954). But there are limits. *Id.*; *Puget Sound Machinery Depot v. Brown Alaska Co.*, 42 Wash. 681, 683, 85 P. 671 (1906). One party's medical circumstances must be weighed against the other party's trial rights. *Traynor v. White*, 44 Wash. 560, 562, 87 P. 823 (1906). Especially in the context of multiple continuance requests, the trial judge retains broad discretion to grant or deny a continuance in the interests of justice. *Chamberlin*, 44 Wn.2d at 703.

The record here shows the trial court exercised appropriate discretion in acting on Mr. McConahy's continuance request. The court reviewed Mr. McConahy's medical documentation and then weighed his medical issues against the interests of the Plaintiffs. The trial court's reasons for denying the motion are all supported in the record and by case law. While it is possible the trial court could have reached a different decision, that does not mean the trial court's actual decision was an abuse of discretion.

Mr. McConahy complains the trial court's denial of his continuance request merits special scrutiny because it resulted in trial being held in his absence. We are unmoved. Regardless of his medical issues, Mr. McConahy was expected to justify his continuance request with a showing of diligence. *Conner v. Zanuzoski*, 36 Wn.2d 458, 461-62, 218 P.2d 879 (1950); *Boyle v. West*, 122 Wash. 693, 694-95, 211 P. 871 (1923). He did not do so. Mr. McConahy failed to relay information from his doctor to the court in a timely manner. He never provided information regarding when or whether his medical situation would sufficiently improve to permit court travel. And he did not comply with various state and local court rules regarding the filing of pleadings or service on opposing counsel. Any blame for Mr. McConahy's trial in absentia rests squarely on Mr. McConahy, not the court.

No. 34647-1-III
*Rice Living Trust v. McConahy*

Based on the totality of the circumstances, the trial court did not abuse its discretion in denying Mr. McConahy's continuance motion.

## CONCLUSION

The judgment of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, A.C.J.   Korsmo, J.

6